**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MARY BARNES,<br>          Plaintiff,<br><br>     v.<br><br>THE UNITED STATES SECRETARY OF DEFENSE, PETER HEGSETH; THE UNITED STATES DEPARTMENT OF DEFENSE,<br>          Defendant. | Civil Action No. 23-cv-932<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF** |

## I.     INTRODUCTION

NOW COMES, Plaintiff Mary Barnes, ("Plaintiff") by and through her attorney, Paul V. Bennett and Bennett Legal Services, Inc., and hereby submits her Opposition to Defendant's Motion to Dismiss First Amended Complaint (the "Motion"), (ECF No. 25), filed by Defendant The United States Secretary of Defense, Peter Hegseth, the United States Department of Defense ("Defendant").  As grounds for this Opposition, Plaintiff states as follows:

1.     Plaintiff filed her First Amended Complaint on April 28, 2025[1] (ECF 24) with counts for race discrimination, sex discrimination, violation of ADEA, and retaliation.

2.     Defendant seeks to dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.

---

[1]    Defendant makes note that the Complaint was filed on April 28, 2025 rather than on April 26, 2025, but fails to consider  the fact that April 26, 2025, was a Saturday which placed the due date on the next non-weekend, non-holiday day, which was April 28, 2025, a Monday.

1

## II.    LEGAL STANDARD

**A.    Standard For Motions To Dismiss Under Federal Rule Of Civil Procedure 12(b)(6).**

"When ruling on a motion under Rule 12(b)(6), the court must 'accept the well-pled allegations of the complaint as true,' and 'construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.'" *Chowdhuri v. Sgt, Inc.*, 2017 U.S. Dist. LEXIS 130310, *6 (D. Md. 2017) (internal citation omitted).

Federal Rules of Civil Procedure only require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint need only state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While it is necessary for a plaintiff to provide more than just labels and conclusions stating that he is entitled to relief, it is not necessary for a plaintiff to provide meticulously comprehensive factual allegations. *Id.* at 555. Rather, a complaint achieves facial plausibility when it contains sufficient factual allegations supporting a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.    ARGUMENT

As properly alleged in Plaintiff's Amended Complaint (ECF 24), Plaintiff is a member of multiple protected classes, namely:  non-white, female, and over 40 years old (ECF 24, paragraph 5).

Plaintiff's Amended Complaint states that she was employed with the Federal Government for more than 38 years, from May 9, 1983 to August 31, 2021.  From May 9, 1983, to July 12, 1985, Plaintiff allegedly worked at the Department of the Army in Germany; from October 21, 1985, to November 23, 1996, Plaintiff worked at the Department of the Army in

Fort Meade, Maryland; and from November 24, 1996, and August 31, 2021, at the Department of Defense (ECF 24, paragraph 7).   In addition, the Amended Complaint alleges that Plaintiff met or exceeded the reasonable performance expectations for her position and she consistently received outstanding performance reviews, the highest possible level of performance (ECF 24, paragraphs 7 and 9).

The Amended Complaint goes on to allege that, in spite of her consistently receiving outstanding performance reviews, from in or around 2011 until Plaintiff's retirement in 2021, Plaintiff endured a continuing pattern of harassment, an on-going hostile work environment and continuing discrimination while employed by Defendant (ECF 24, paragraphs 9, and 10). Further, Plaintiff's Amended Complaint alleges that she suffered ongoing retaliation while employed by Defendant from in or around 2011 until she retired on August 31, 2021, due to Plaintiff's protected EEO activities (ECF 24, paragraph 11).

The Amended Complaint alleges that, during her employment with Defendant, Plaintiff was classified as a GS13 employee despite the fact that Plaintiff met the criteria for a GS14 level employee, and that Defendant refused to upgrade Plaintiff's position and pay (ECF 24, paragraph 12).  The Amended Complaint further states that that Defendant's refusal was based on Plaintiff's race (non-white), sex (female), and age ( over 40).  Further, Plaintiff contends in the Amended Complaint that similarly situated non-white employees such as Plaintiff's direct supervisor (GS14 supervisor, white, female, in mid 30s to 40s) outside the protected class, was not subjected to the same or similar adverse employment actions that Plaintiff endured; that similarly situated male employees such as Plaintiff's direct GS14 supervisor's husband (who started as a new federal employee at the Financial Management Division, ("FMD"), who was hired as a GS13 supervisor, was paid what a GS14 supervisor from his first day on the job and

who was outside the protected class, was not subjected to the same or similar adverse employment actions that Plaintiff endured; that similarly situated younger employees such as Plaintiffs GS14 supervisor and a previous FMD GS 14 supervisor that worked at headquarters and returned to FMD to occupy one of the newly created GS14 positions, who were outside the protected class, were not subjected to the same or similar adverse employment actions that Plaintiff endured, including, but not limited to, being given unwarranted discipline and held to a higher standard in the job performance.  (ECF 24, paragraphs 43, 46, 47, 53, 54, 57, 63, 64 and 65).

Moreover, the Amended Complaint alleges that Plaintiff complained to her supervisors and the Defendant's EEO office about Defendant's refusal to upgrade Plaintiff's position and pay on multiple occasions throughout her employment with Defendant, and particularly in 2015, 2019, 2020 and 2021 (ECF 24, paragraph 70). As a result of Plaintiff's engaging in these legally protected activities, the Amended Complaint alleges that Defendant retaliated against Plaintiff by continuing to refuse to take action and resolve Plaintiff's situation (ECF 24, paragraph 70).

Plaintiff's first contact with Defendant's Equal Opportunity & Diversity Office ("EEO") was on June 24, 2021 and on October 8, 2021,  when Plaintiff submitted a Formal Complaint of Discrimination with the EEO (ECF 24, paragraphs 2, 38 and 39).

Plaintiff filed her federal civil action within ninety (90) calendar days from the date Plaintiff received the Defendant's decision on Plaintiff's Motion for Reconsideration in connection with the Defendant's decision on Plaintiffs EEOC Appeal No. 2022001960 (ECF 24, paragraph 3).  As such the original Complaint was timely filed.

Additionally, it is well settled that failure to present a Title VII claim to the Equal Employment Opportunity Commission before filing suit in federal court is not a jurisdictional

prerequisite, but only a precondition to bringing a Title VII action that can be waived by the parties or the court. [*See, for example*, *Zarda v. Altitude Express, Inc.* (2d Cir. 2018) 883 F.3d 100, 107.]

In its Motion to Dismiss First Amended Complaint, Defendant argues that Plaintiff's claims pertaining to events predating May 10, 2021, are time-barred because EEO regulations required Plaintiff to initiate contact with an EEO counselor within 45 days of when she became aware of the alleged discriminatory events (ECF 25, page 3 and 6). However, the operative date is not May 10, 2021 as asserted by the Defendant, but rather was May 13, 2021, which was the date of the culmination of several attempts to resolve the issues described in the Amended Complaint. It took until May 13, 2021, to have the issues heard, to actually meet with someone in authority who could address and potentially remedy them (ECF 24, paragraph 28).[2]

As indicated above, Defendant's failure to promote Plaintiff and pay her accordingly was part of a pattern of behavior that lasted throughout Plaintiff's employment with Defendant (ECF 24, paragraphs 10, 11, 18, 20, 32, 70). Therefore, there were events in relation to Defendant's refusal to promote Plaintiff and pay her accordingly that occurred outside of the 45-day time limit, namely the events that predated the May 13, 2021, meeting. However, they were reasonably related to the claims made by Plaintiff in Plaintiff's complaint with the EEO on June 24, 2021. Thus, Plaintiff met the pre-condition of complaining about Defendant's discriminatory actions with the EEO prior to filing this lawsuit. *Stevens v. Cabarrus Cty. Bd. of Educ.* (M.D.N.C. 2021) 514 F. Supp. 3d 797, 804.

---

[2]    This is the May 13, 2021, meeting with General B (ECF 24, paragraph 29).

**A.      Plaintiff has Pleaded Sufficient Facts Which Make Plausible Plaintiff's Counts for Discrimination Based on Race, Age and Sex.**

In *Townsend v. United States* (D.D.C. 2017) 236 F. Supp. 3d 280, 297, the Court stated:

> The Supreme Court has instructed that "the precise requirements of a *prima facie* case can vary depending on the context" and "should not be transposed into a rigid pleading standard for discrimination cases." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). In view of this "emphasis on flexibility," the D.C. Circuit has adopted, for claims asserted under various anti-discrimination statutes, a "general version of the *prima facie* case requirement: 'the plaintiff [**19] must establish that (1) she [or he] is a member of a protected class; (2) she [or he] suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination.'" *Chappell-Johnson v. Powell*, 440 F.3d 484, 488, 370 U.S. App. D.C. 162 (D.C. Cir. 2006) (quoting *Brown v. Brody*, 199 F.3d 446, 452, 339 U.S. App. D.C. 233 (D.C. Cir. 1999)); *see also Czekalski v. Peters*, 475 F.3d 360, 364, 374 U.S. App. D.C. 351 (D.C. Cir. 2007); *George v. Leavitt*, 407 F.3d 405, 412, 366 U.S. App. D.C. 11 (D.C. Cir. 2005); *Krodel v. Young*, 748 F.2d 701, 705, 242 U.S. App. D.C. 11 (D.C. Cir. 1984) ("an individual plaintiff claiming disparate treatment must first make out a *prima facie* case -- *i.e.*, must demonstrate sufficient facts to create a reasonable inference that race, sex or age was a factor in the employment decision at issue."). The burden of showing a *prima facie* case at the pleading stage "is not onerous." *Id.   Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981).

**Race Discrimination**

To establish a *prima facie* case of race  discrimination, a plaintiff must show she: (1) is a member of a protected class; (2) was qualified for the position at issue; (3) was subjected to an adverse employment action; and (4) was replaced by someone outside the protected class, or that other similarly situated persons were treated more favorably. *Jefferson v. Christus St. Joseph Hosp., 374 Fed. Appx. 485, 486, 2010 U.S. App. LEXIS 5179.*

The "central focus" of the *prima facie* case of discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq., is always whether the employer is treating some people less favorably than others because of their race, color, religion, sex, or national origin.

*Sarullo v. United States Postal Serv., 352 F.3d 789, 791, 2003 U.S. App. LEXIS 25847, \*1, 93 Fair Empl. Prac. Cas. (BNA) 24*.

In a case alleging discriminatory failure to promote, a plaintiff must prove that she (1) is a member of a protected class; (2) applied for a position; (3) was qualified for the position; and (4) was rejected under circumstances giving rise to an inference of unlawful discrimination. The claimant must plausibly state a violation of Title VII above a speculative level. *Stevens v. Cabarrus Cty. Bd. of Educ.* (M.D.N.C. 2021) 514 F. Supp. 3d 797, 804. For purposes of Title VII claim, a showing that a member outside of the protected class received a promotion instead of the plaintiff is sufficient to create an inference of discrimination. *Id.*

In the context of this case, Plaintiff has established the *prima facie* case of race discrimination as follows: Plaintiff is a member of a protected class, African American, and was qualified and satisfactorily performed her duties as a Supervisory Financial Specialist under the employ by the Defendant (ECF 24, paragraphs 5, 9, 41, 42, 51, 52, 61, 62, and 69). Nonetheless, as stated in Plaintiff's Complaint, Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race, African American (ECF 24, Count I). Specifically, Plaintiff met the criteria for a GS14 employee/supervisor; however, Defendant refused to upgrade Plaintiff's grade level from GS13 to GS14, refused to increase Plaintiff's pay accordingly and to give Plaintiff a bonus in the amount of $10,000 for working at the GS14 level (ECF 24, paragraphs 12, 25, and 26). Plaintiff further alleges in the First Amended Complaint, that similarly situated non-African American employees such as Plaintiffs direct supervisor (GS14 supervisor white female, in mid 30s to 40s) outside the protected class, was not subjected to the same or similar adverse employment actions that Plaintiff endured (ECF 24, paragraph 47).

**Sex Discrimination**

Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e *et seq*., prohibits discrimination based on sex 42 U.S.C.S. § 2000e-2(a). The essence of Title VII in this context is that women have the right to prove themselves in the work arena without the burden of stereotypes regarding whether they can fulfill their responsibilities. *Chadwick v. WellPoint, Inc.* (1st Cir. 2009) 561 F.3d 38, 40. In addition, 42 U.S.C.S. § 2000e-2(a)(1) proscribes discrimination with respect to terms and conditions of employment, as well as compensation and privileges. *Carroll v. Talman Federal Sav. & Loan Asso.* (7th Cir. 1979) 604 F.2d 1028, 1029.

Accepting that sex stereotyping violates Title VII, the critical question is what constitutes a gender-based stereotype. One way to answer this question is to ask whether an employer who evaluated a plaintiff in sex-based terms would have criticized her as sharply (or criticized her at all) if she had been a man. Similarly, the question of whether there has been improper reliance on sex stereotypes can sometimes be answered by considering whether the behavior or trait at issue would have been viewed more or less favorably if the employee were of a different sex. *Zarda v. Altitude Express, Inc.* (2d Cir. 2018) 883 F.3d 100, 107.

Here, Plaintiff has established a *prima facie* case of sex discrimination as follows: she is a member of a protected class, sex female, she was qualified and satisfactorily performed her duties as a Supervisory Financial Specialist under the employ by the Defendant (ECF 24, paragraphs 5, 9, 41, 42, 51, 52, 61, 62, and 69). However, Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of Plaintiff's sex (female). Specifically, Defendant refused to upgrade Plaintiff's level and classification series from GS13 to GS14 Supervisor and refused to pay Plaintiff a higher pay grade although Plaintiff's job duties were commensurate of those of a GS14 Supervisor (ECF 24, paragraph 53). Further, in the First

8

Amended Complaint, Plaintiff alleges that similarly situated non-female employees such as Plaintiff's direct GS14 supervisor's husband that started as a new federal employee at FMD, who was hired as a GS13 supervisor, was paid what a GS14 supervisor from his first day on the job, and who was outside the protected class, was not subjected to the same or similar adverse employment actions that Plaintiff endured (ECF 24, paragraph 57).

**Age Discrimination**

The Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C.S. § 621, *et seq.*, goal is to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment, and to help employers and workers find ways of meeting problems arising from the impact of age on employment. 29 U.S.C.S. § 621(b). Thus, the ADEA forbids employment discrimination against employees aged 40 and older. 29 U.S.C.S. § 631(a). It provides that it is unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his/her compensation, terms, conditions, or privileges of employment, because of such individual's age *Mummelthie v. City of Mason City* (N.D.Iowa 1995) 873 F.Supp. 1293, 1302.

The employee must first establish a *prima facie* case of age discrimination by showing that (1) s/he is a member of the protected age group (over 40); (2) s/he was discharged or demoted; (3) at the time of discharge or demotion s/he was performing her job at a level that met her employer's legitimate expectations; and (4) following her discharge or demotion, the plaintiff was replaced by someone of comparable qualifications outside the protected class *Burns v. AAF-McQuay, Inc.* (4th Cir. 1996) 96 F.3d 728, 730.

Here, Plaintiff has established a *prima facie* case of age discrimination as follows: as stated in Plaintiff's Amended Complaint, Plaintiff is a member of a protected class, year of birth: 1959, and was qualified and satisfactorily performed her duties as a Supervisory Financial

Specialist under the employ by the Defendant (ECF 24, paragraphs 61, 62). Nonetheless, Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of Plaintiff's age in violation of the ADEA (ECF 24, paragraph 63). In addition, in the First Amended Complaint, Plaintiff alleges that similarly situated younger employees such as Plaintiff's GS14 supervisor and a previous FMD GS 1411 supervisor that worked at headquarters and returned to FMD to occupy one of the newly created GS14 positions, who were outside the protected class, were not subjected to the same or similar adverse employment actions that Plaintiff endured, including, but not limited to, being given unwarranted discipline and held to a higher standard in the job performance (ECF 24, paragraph 65).

**Retaliation**

Plaintiff has pled sufficient facts to make her Count for Retaliation plausible. A *prima facie* case of retaliation under Title VII of the Civil Rights Act of 1964 requires the plaintiff to show that: (1) s/he engaged in an activity protected under Title VII; (2) s/he suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action. *Crawford v. Carroll*, 529 F.3d 961, 963, 2008 U.S. App. LEXIS 11830, *1, 103 Fair Empl. Prac. Cas. (BNA) 717, 21 Fla. L. Weekly Fed. C 758.

A formal letter of complaint to an employer or the Equal Employment Opportunity Commission is not the only acceptable indicia of the requisite protected conduct under the Age Discrimination in Employment Act, 29 U.S.C.S. § 621, *et seq*. Acceptable forms of protected activity under Title VII's analogous opposition clause include formal charges of discrimination as well as informal protests of discriminatory employment practices, including making complaints to management, writing critical letters to customers, protesting against discrimination

by industry or society in general, and expressing support of co-workers who have filed formal charges. *Barber v. CSX Distrib. Servs.* (3d Cir. 1995) 68 F.3d 694, 696.

In the context of this case, Plaintiff has established a *prima facie* case of retaliation as follows:  in her First Amended Complaint Plaintiff alleges that she complained to her supervisors and the Defendant's EEO about Defendant's refusal to upgrade Plaintiff's position and pay on multiple occasions throughout her employment with Defendant and particularly in 2015, 2019, 2020 and 2021 (ECF 24, paragraph 70). Allegedly, as a result of Plaintiff's complaints, Defendant retaliated against Plaintiff by continuing to refuse to take action and resolve Plaintiff's situation (ECF 24, paragraph 70).

## IV.    LEAVE TO AMEND SHOULD BE GRANTED

Pursuant to FRCP Rule 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

While Plaintiff continues to maintain the position that she has adequately pled sufficient facts to present a plausible claim and put the Defendant on notice of the same, should this honorable Court deem the First Amended Complaint to be insufficient in any way to survive the pending defense motion, Plaintiff requests in the alternative that she be permitted leave for a period of fourteen (14) days after issuance of the Court's decision, to file a second amended complaint setting forth additional facts, as necessary. "The Court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Defendant asserted in its Motion that the Amended Complaint failed to amplify or elaborate as per the Court's Memorandum of Opinion and was therefore still deficient (ECF 25, page 1; ECF 22, page 8).  Plaintiff amended to best of ability has identified individuals treated

better than she was.  However, she cannot identify with more specificity at this time because the documentation Plaintiff relied on in said identification does not provide full names.  Therefore, in order to be able to more specifically identify those individual Plaintiff will require certain documents, such as various emails and attachments, be produced with names unredacted.

Plaintiff presently has certain of those documents in possession but they are redacted. There are individuals named therein, who are younger than her, and/or male, and/or white, but Plaintiff cannot provide any further information as the names are redacted.  If Plaintiff were to have unredacted documents, the names would clarify who was younger, male and/or white. Plaintiff is confident would come out during discovery.

The Court in its Memorandum Opinion (ECF 22) notes in Section C. Retaliation, on page 8, citing *Hisler v. Gallaudet Univ.*, 206 F.R.D. 11, 13 (D.D.C. 2002), that Plaintiff may seek to "amplify or elaborate on [] previously alleged claim[s]."  In order to fully elaborate and amplify, Plaintiff requires that Defendant produce a series of unredacted documents which will provide clear detailing of her former colleagues who were not in protected categories, and who received nondiscriminatory treatment and were paid at higher levels than Plaintiff.  Plaintiff has identified particular evidence likely essential for resolution of the factual issues regarding the issues presented by Defendant's motion.  Production by Defendant of such unredacted documents would identify clearly each of the individuals described in the Amended Complaint and support Plaintiff's position across all counts.  Plaintiff no longer has access to said documents in an unredacted form as a consequence of her retirement and should not be penalized because of said retirement. Defendant itself notes in footnote 2 (ECF 25, page 2) that the Amended Complaint uses pseudonyms to refer to the various involved individuals, due in part to the redacted nature of relevant documents.

This Honorable Court has a great deal of discretion in determining whether to accept the present motion and whether to allow application of Federal Rule of Civil Procedure 56(d), which provides in relevant part, that

> (d)      WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a non-movant[3] shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1)      defer considering the motion or deny it;
> (2)      allow time to obtain affidavits or declarations or to take discovery; or
> (3)      issue any other appropriate order.

Rule 56(d) provides for "limited discovery" for proving a genuine dispute of material fact. *First National Bank of Arizona v. Cities Service Company*, 391 U.S. 253, 265 (1968).

Plaintiff requires  very limited discovery (production of specific unredacted documents) to analyze Defendant's contentions and review evidence which is extremely likely to support her position that she was discriminated against based on sex, race and age and subjected to retaliation.

Judicial fairness dictates that Plaintiff be allowed to submit a request for documents to Defendant requesting production of the various documents specified, in an unredacted form, in order to fully respond to Defendant's Motion.

## V.      CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Honorable Court:

1.      deny Defendant's Motion to Dismiss First Amended Complaint;

2.      order Defendant to produce key documents;

---

[3]      In the instant case and context, Plaintiff, and the Motion to Dismiss First Amended Complaint, rather than a Motion for Summary Judgment.

3.     stay the deadlines pending discovery; and.

4.     such other and further relief as justice may require.

Dated:  May 27, 2025                    Respectfully submitted,

*Paul V. Bennett*
_____
Paul V. Bennett
Federal Bar No. 10324
P.O. Box 1579
Honokaa, HI  96727
(410) 353-4994 – Telephone
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 27th day of May, 2025, that the attached **Plaintiff's Opposition To Defendant's Motion To Dismiss First Amended Complaint And Memorandum In Support Thereof**, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and copies will be sent to those indicated as non-registered participants.

*Paul V. Bennett*

_____

Paul V. Bennett

15