UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY BARNES,

        Plaintiff,

    v.

PETER HEGSETH,
Secretary of Defense,

        Defendant.

Civil Action No. 23-0932 (TSC)

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF HIS MOTION TO DISMISS**

Defendant Peter Hegseth, in his official capacity as Defense Secretary (the "Secretary"), respectfully submits this reply in further support of his Motion to Dismiss ("Mot.," ECF No. 25).

Barnes concedes that her "first contact with [] [the] Equal Opportunity & Diversity Office [] was on June 24, 2021[.]" Pl.'s Opposition to Def.'s Mot. to Dismiss ("Opp'n," ECF No. 26) at 4. She also recognizes that the forty-five-day requirement to present a Title VII claim to an EEO officer is "a precondition to bringing a Title VII action[.]" *Id*. at 4-5. She insists that the "operative date is not May 10, 2021" but rather "May 13, 2021, which was the date of the culmination of several attempts to resolve the issues described in the Amended Complaint." *Id*. at 5. Barnes misconstrues the Secretary's argument. The Secretary argues, and the Court already found, that Barnes failed to exhaust any claims occurring prior to May 10, 2021, because she first contacted an EEO counselor on June 24, 2021. Mot. (ECF No. 25) at 6 (citing Mem. Op. (ECF No. 22) at 4). The Secretary acknowledged that "Barnes centers her Amended Complaint on a May 13, 2021, meeting with General B" and offers arguments why that meeting does not support Barnes's allegations. *Id*. at 2; *see also id*. at 6-7. To the extent Barnes seeks to reintroduce claims that

predate May 10, 2021, the Court already found that such claims are unexhausted.  Mem. Op. (ECF No. 22) at 4.

Plaintiff argues that she sufficiently alleges discrimination when she was not promoted to GS-14.  Opp'n (ECF No. 26) at 7 (race discrimination), 8 (sex discrimination), 10 (age discrimination).  "Failure to promote is generally an adverse action, but not if there is no open position." *Yarber-Butler v. Billington*, 53 Fed. App'x 120, 120 (D.C. Cir. 2002).  "In other words, if there is no vacancy in the job sought, the plaintiff cannot establish a prima facie case."  *Id*. (cleaned up).  Nowhere in the Amended Complaint does Barnes allege that a GS-14 position was actually available or that she applied for one.  To be sure, Plaintiff alleges that in "in or around July/September 2020" and again in "or around January 2021," there were "two billets available[.]"  Am. Compl. (ECF No. 24) ¶¶ 23, 24.  But Barnes does not allege that those billets were for GS-14 positions.  And those positions were allegedly available before May 10, 2021; the Court already found any conduct occurring prior to May 10, 2021, to be unexhausted.  Mem. Op. (ECF No. 22) at 4.  Even assuming those were GS-14 positions and Barnes exhausted administrative remedies for events prior to May 10, 2021, Barnes still does not allege that the "refusal to upgrade her position was based on [her] race, sex, or age."  Mem. Op. (ECF No. 22) at 5.  In short, Barnes's discrimination claims fail.

Barnes's retaliation claim likewise fails.  Mot. (ECF No. 25) at 8-9.  Barnes asserts that she was retaliated against after she complained in 2015, 2019, 2020, and 2021 to her supervisors and EEO about her non-promotion.  Opp'n (ECF No. 26) at 11 (citing Am. Compl. (ECF No. 24) ¶ 70.  Barnes again ignores the Court's finding that "any actions [the Secretary] took before [June 24, 2021, could not] have been in retaliation for her EEO complaint."  Mem. Op. (ECF No. 22) at 8.  Barnes moreover does not respond to the Secretary's argument that "the Amended Complaint does

- 2 -

not allege that Barnes's informal complaints clearly complain about discriminatory treatment." Mot. (ECF No. 25) at 8 (internal quotation marks omitted).  Plaintiff's retaliation claim fails.

Perhaps recognizing the futility of her arguments, Barnes seeks leave to amend the complaint a second time.  Opp'n (ECF No. 26) at 11-13.  The Court already did so and invited Barnes to "amplify or elaborate on previously alleged claims."  Mem. Op. (ECF No. 22) 8.  Barnes has failed to do so and offers nothing persuasive that warrants another opportunity to amend her complaint.   Barnes argues that she needs discovery so that she may obtain "unredacted documents."  Opp'n (ECF No. 26) at 12.  But Barnes is not entitled to discovery because she has failed to plead facts making a claim for relief plausible.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions . . . only a complaint that states a plausible claim for relief survives a motion to dismiss."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560 (2007) ("It is no answer to say that a claim just shy of plausible entitlement can be weeded out early in the discovery process[.]").

Nor is Rule 56(d) an appropriate vehicle to obtain discovery because there is no motion for summary judgment, as Barnes asserts.  Opp'n (ECF No. 26) at 13.  This matter comes before the Court on the Secretary's motion to dismiss for failure to state a claim.  *See* Fed. R. Civ. P. 12(b)(6).  "In determining whether [Barnes's Amended C]omplaint fails to state a claim, [the Court] may consider only the facts alleged in the [Amended C]omplaint, any documents either attached to or incorporated in the [Amended C]omplaint and matters of which [the Court] may take judicial notice."  *EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997).  In short, Barnes's complaint fails to state a claim and, therefore, she is not entitled to discovery.

**CONCLUSION**

For these reasons and the reasons stated in the Secretary's Motion to Dismiss (ECF No. 25), the Secretary respectfully requests that the Court grant his motion and dismiss the Amended Complaint in its entirety.

Dated: June 9, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By: _____/s/ *Dimitar P. Georgiev*_____
     DIMITAR P. GEORGIEV, D.C. Bar #1735756
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202) 815-8654

     *Attorneys for the United States of America*